# Cox *versus* Highley.

100  249
165  132

100       249
f221      6554

1.  In  order  to  support  an  action  of  deceit  for  false  and  fraudulent
representations,  the  plaintiff  must  show  that  the  representations  were  un-
true,  were  known  by  the  defendant  to  be  untrue,  were  calculated  to  in-
duce  the  plaintiff  to  act,  and  did  induce  him  to  act  accordingly.

2.  If,  in  such  case,  the  defendant  honestly  believed  that  his  represent-
ation  was  true,  the  action  would  fail.

[Cox *v.* Highley.]

3. A., representing himself to be the owner of the lease of a certain stable, sold the same to B., who paid the consideration therefor. A. had previously sold the same lease to C., conditioned upon the vendee's giving security for the purchase money, which he had failed to do. In an action of deceit by B. against A., to recover for the alleged false and fraudulent representation of A. as to ownership, *Held,* that if the defendant believed, that because of C.'s failure to perform the condition the contract with him had ended, he was not liable in an action of deceit, but only for breach of contract.

4. In the above case, it was not error for the court to charge the jury that if plaintiff knew of the claim of ownership made by C., before he purchased from defendant, and knowingly bought the lease, he was not entitled to recover.

5. In the above case, defendant requested the court to charge that, even if the defendant promised to return the purchase money after the sale to the plaintiff and he had been put in possession, plaintiff was not, under the pleadings, entitled to recover. *Held,* that this point should have been unconditionally affirmed.

6. After the court has concluded its charge to the jury, and they have retired, it is entirely proper for the court to recall them, and give any instruction which has been inadvertently omitted.

April 5th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Philadelphia county :* Of January Term 1882, No. 161½.

Case for deceit, by George W. Highley, against William J. Cox. The suit was begun by a capias ad respondendum. The narr. averred that the defendant alleged that he was possessed of a certain stable in the city of Philadelphia and carried on therein the business of a livery stable, and falsely, fraudulently and deceitfully represented to the plaintiff that he was the absolute owner of a certain lease of said premises which he offered to sell to plaintiff for the sum of $234, and thereupon to place him in quiet and peaceable possession thereof ; that the plaintiff confiding in said representations purchased said lease and paid to defendant said sum of $234 ; whereas the said lease was not the property of the defendant, nor was he in the peaceable possession of said premises, but the same were in possession of one Ranalls to whom the defendant had a short time previously sold and delivered the same, and the said Ranalls refused to deliver up the same to the plaintiff.

On the trial the facts appeared to be as follows : In October 1879, Messrs. Riggs & Co., real estate brokers, advertised for sale the lease, good-will and fixtures of the stable in question. The plaintiff answered the advertisement and was referred by the brokers to Cox the defendant. The plaintiff, having examined the stable, met Cox at the office of Riggs & Co., where the bargain for the sale of the lease, good will, &c., of

[Cox *v.* Highley.]

the stable was effected, and plaintiff paid the consideration money, $234, to Cox, and the latter assigned the lease to plaintiff. When plaintiff went to take possession Ranalls asserted that he had bought the lease, &c., from Cox, and refused to deliver possession. The evidence showed that Ranalls had been employed as a stable man by Cox, and that an agreement had been made between Cox and Ranalls that if the latter would furnish security, Cox would sell him the lease. He failed, however, to furnish security. Ranalls testified that Cox had sold him the lease for $150, of which he paid $17 on account. The defendant denied the sale, and said that it was not consummated because Ranalls could not give security, but he "did not notify him of the cancellation of the contract." Plaintiff testified that he saw Cox the day after he purchased the lease, and told him that he had "found out he had sold to some one else, and asked him if he had not got in a hole. He said he saw it now, and he would give the money back." Defendant admitted that he promised to pay back the money.

The defendant presented, inter alia, the following points :—

3. If the plaintiff knew of the claim of ownership made by Ranalls to the stable before he purchased from defendant, then under the pleadings in the case, the plaintiff cannot recover in this action.

Answer. This point is affirmed if you find that he knowingly bought it. (4th assignment of error.)

5. That even if the defendant promised to return the purchase money after the sale to plaintiff, and he had been put in possession of the stable, the plaintiff under the pleadings in the case cannot recover in this form of action.

Answer. This point is affirmed; but if the plaintiff gave possession upon the promise of Cox to pay the money back, that is a consideration. (5th assignment of error.)

After the jury had retired, the court sent for them, and re-charged them as to defendant's fifth point as follows :

Plaintiff can't recover in this form for that contract; but it was in evidence that he thought he was wrong, and that he made a valid contract to pay it back. (6th assignment of error.)

Verdict for the plaintiff, for $261.65, and judgment thereon. The defendant took this writ of error, assigning for error, inter alia, the answers to the above points, and the action of the court in sending for the jury after they had retired, and again charging them on the fifth point.

*Joseph L. Tull,* for the plaintiff in error.—The narr. averred deceit, the proof was of a contract to return price. No deceit was proved. Our point should have been affirmed without qualification.

*John Q. Williams*, for the defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, May 22d 1882.

The plaintiff avers that he was induced to purchase the lease, good will and fixtures of a stable, by false and fraudulent representations by the defendant. His action is upon an alleged tort; not upon a contract. To support it, he must show that the representation was untrue; was known by the defendant to be untrue; was calculated to induce the plaintiff to act; and he, believing it, was induced to act accordingly. The representation must have been both false and fraudulent. A positive statement of a falsehood, or suppression of material facts which the plaintiff ought to have known, would constitute the falsity. As one of the questions relates to the defendant's good faith, if the jury believed that he honestly believed what he stated was true, the action would fail; for in such case the representation was not fraudulent. And if the plaintiff knew the truth of the matter, he was not induced to purchase by the false representation.

In case for deceit, it is somewhat material that its requisites be established, and if any essential point be wanting, the plaintiff ought not to recover. Upon judgment in such action against the defendant, he is not entitled to the benefit of the statutes exempting property from execution for debt, and if he has no property, he may be arrested and imprisoned. That the defendant is indebted to the plaintiff upon contract, should not be used as a make-weight against him in a suit for his tort.

The evidence tended to show, and the jury must have found, that the defendant had made a prior sale of part of the property to Ranalls, who was in possession at the time the plaintiff purchased. But there was also evidence tending to show that the sale to Ranalls was conditioned upon his giving security, which he failed to do. If the plaintiff believed that because of Ranalls' failure to perform the condition, the contract with him had ended, he was not guilty of deceit, though he might be answerable for breach of contract, if he failed to give possession to the plaintiff. The court affirmed the defendant's third point, "If plaintiff knew of the claim of ownership made by Ranalls to the stable before he purchased from defendant, then under the pleadings in the case, the plaintiff cannot recover." We are not persuaded that the words added to its affirmance, "if you find that he knowingly bought it," did any injury, and the fourth assignment of error is not sustained.

The fifth and sixth assignments embrace the defendants fifth point and the answer thereto: "That even if the defendant promised to return the purchase money after the sale to the

[Cox *v.* Highley.]

plaintiff, and he had been put in possession, under the pleadings, the plaintiff cannot recover in this form of action." Answer. "This point is affirmed, but if the plaintiff gave up possession on the promise of Cox to pay the money back, that is a consideration. Plaintiff cannot recover, in this form, for that contract, but it is evidence that he, defendant, thought he was wrong, and that he made a valid contract to pay it back." We are of opinion that the point should have been affirmed without taking the pith out of it. The answer should be taken as a whole, for the court was entirely right in recalling the jury to give them any instruction which, inadvertently, had been omitted. Here, the only inquiry is whether the instruction was right. If the plaintiff's case depended on a promise to refund the money, his action was wrong. The court charged that there was not a valid sale of the lease to Ranalls, and that the defendant was seized of the possession of the stable as against Ranalls. Affirmance of the fourth and sixth points laid the ground-work for the fifth. It is difficult to see how a contract, made after sale and delivery of possession, could sustain an action, the gist of which was a false and fraudulent representation by the defendant to the plaintiff's injury. There is evidence that after the plaintiff was in possession of the stable, and while Ranalls was scrambling for it, that the defendant promised to repay the money and the plaintiff gave up possession to Ranalls. Evidently, this is the contract and giving up of possession to which the court referred in the answer. The remark respecting it must have led the jury far from the gist of the case on trial. Nor was the mistake corrected by subsequently telling them that the "plaintiff cannot recover, in this form, for that contract, but it was evidence that he, defendant, thought he was wrong, and that he had made a valid contract to pay it back." Here, again, the contract is given prominence, and with the context, was well calculated to impress the jury that it told strongly against the defendant. Possibly, they might have considered it as corroborative evidence, but they had no right to infer from such contract that the defendant had perpetrated a fraud in the sale of the property. Yet they were told it was evidence that he thought he was wrong, and the wrong the judge was talking about was the alleged fraud, not a breach of contract. If this new contract was evidence of the deceit, averred in the pleadings, no other testimony was necessary for its establishment. Parties would be exceedingly chary of making a contract for settlement of a dispute, if the contract would be evidence of a prior fraud by one upon the other.

For the errors set out in the fifth and sixth assignments, the judgment must be reversed.

Judgment reversed and venire facias de novo awarded.