# R. G. Lamberton et al., trading as the Lamberton Savings Bank, *v.* M. M. Dunham, Appellant.

*Trespass for deceit—False representations.*

In an action for trespass for deceit the scienter must be proved, and the only ground for recovery for the false representations is the bad faith in making them. The reasonableness of defendant's ground for his belief in his representations cannot be called in question.

*Evidence—Forgery—Handwriting—Signature—Letters.*

In an action of trespass for deceit in certifying to the correctness of a signature on a check, which was in fact forged, where defendant testifies that he had seen the depositor write, and was familiar with his signature, and that his statement to the cashier was based upon his belief founded upon this knowledge, letters of the depositor are admissible in evidence, since the resemblance of the admittedly genuine writing to the forgery on the check goes directly to the question of defendant's good faith.

Argued Oct. 1, 1894. Appeal, No. 169, Oct. T., 1893, by defendant, from judgment of C. P. Venango Co., Nov. T., 1892, No. 23, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for deceit. Before TAYLOR, P. J.

At the trial it appeared that defendant had certified, to the cashier of plaintiff's bank, the correctness of a signature of George W. Eaton on a check, when in fact the signature was forged.

Defendant offered in evidence letters dated May 27, 1892, Jan. 17, 1893, and Aug. 8, 1892, admitted by George W. Eaton to be subscribed by his signature, for the purpose of showing, in connection with the testimony of defendant and as corroborative of his testimony, or tending to show good faith on his part in stating that the indorsement on the cashier's check of The Lamberton Savings Bank was genuine. This as corroborative of his testimony as to his having seen the signature of Mr. Eaton a number of times, and to show that the signatures are similar to the one on the check.

Plaintiffs object to the offer on the ground that it is not proposed to show that the witness had seen either of the sig-

natures mentioned in the offer at the time he asserted the indorsement of the check to be in Eaton's handwriting. Offer overruled and exception. [1]

Defendant's points were among others as follows :

" 3. If the jury find the defendant acted in good faith, and believed the representations made by him to the plaintiffs were true, the plaintiffs cannot recover, though such representations were untrue and plaintiffs were misled thereby to their injury. *Answer :* Affirmed if the jury further find that the defendant had reasonable grounds for believing such representations to be true." [3]

" 4. The question being one of good faith, if the jury find the defendant was sincere in his statements, their verdict must be in his favor, however apparently unfounded may seem his belief." Refused. [4]

" 5. If the jury find the defendant believed his own statements it is their duty to find in his favor. It is not in their province to decide whether defendant had reasonable grounds for his belief." Refused. [5]

Verdict and judgment for plaintiffs for $418.

*Errors assigned* were (1) ruling; (3–5) instructions; quoting bills of exception and instructions.

*James Denton Hancock,* for appellant.—In questions based upon misrepresentations when there is no contract between the parties and no consideration upon which an implied contract can rest, the only grounds upon which a recovery for a false representation can be had must depend upon the good or bad faith with which such representation was made : Boyd v. Brown, 6 Pa. 316 ; Huber v. Wilson, 23 Pa. 178 ; Cox v. Highley, 100 Pa. 125; Iron Works v. Barber, 106 Pa. 125; Dilworth v. Bradner, 85 Pa. 238 ; Duff v. Williams, 85 Pa. 490 ; Kern v. Simpson, 126 Pa. 42.

The resemblance or want of resemblance between the signatures to these papers and the indorsement upon the check was material evidence both as to the good faith of defendant and as to the exercise of reasonable care upon his part: Bank v. Whitehill, 10 S. & R. 110 ; Bank v. Haldeman, 1 P. & W. 161 ; Callan v. Gaylor, 3 Watts, 321.

In an action for deceit, the jury have to deal with a question of good faith, and if they are satisfied that defendant believed his own story it is their duty to find in his favor : Dilworth v. Bradner, 85 Pa. 238; Duff v. Williams, 85 Pa. 490; Boyd's Exrs. v. Browne, 6 Pa. 316.

*J. H. Osmer*, *E. H. Lamberton* with him, for appellee.—The name of George W. Eaton, indorsed upon the check, was admitted to be a forgery. There was, therefore, no question before the court as to his handwriting. As to that there was no issue.

A comparison of handwriting is only admissible in evidence in cases in corroboration of the belief of a witness founded upon actual knowledge : Bank v. Haldeman, 1 P. & W. 161.

To prove fraud it is not necessary to show that the person making the fraudulent representations knew them to be false; it is sufficient to prove that he did not know them to be true, or, if believing them to be true, that he made them without reasonable grounds for such belief : Griswold v. Gebbie, 126 Pa. 353 ; 2 Addison on Torts, 407, § 1177 ; Grove v. Hodges, 55 Pa. 504; Iron Works v. Barber, 106 Pa. 139.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

This action was founded upon the allegation that the defendant had falsely and fraudulently represented that the forged indorsement of a check was genuine. The error which appears in the charge and in the answers to points is that the defendant was held not only to have acted in good faith, but to have had adequate reason for his belief.

It was shown at the trial that a stranger, representing himself to be Charles H. May, called at a store in Oil City where the defendant was employed and examined machinery which he expressed a desire to purchase. During the course of his pretended negotiations he inquired for a competent judge of oil property, and was referred by the defendant to George W. Eaton. In the light of after events it became evident that his purpose was to lay the ground for a correspondence with Mr. Eaton in order to obtain his signature. Having done that he forged two notes purporting to have been made by Mr. Eaton and presented them at the Lamberton Bank at Franklin

for discount. The cashier of the bank, who knew the sig-
nature of Mr. Eaton, did not discover the forgery, but took the
precaution to make payment by check to his order. May
forged an indorsement of the cashier's check, and presented it
for payment at a branch of the bank at Oil City. The cashier
there, not knowing the signature of George W. Eaton, required
proof of it, and also the identification of Charles H. May. At
May's request the defendant, who was familiar with Mr.
Eaton's signature, went to the bank and in reply to inquiries
made said : " This is Charles H. May," and identified the sig-
nature as that of George W. Eaton. Whether the person who
planned and committed the forgery was Charles H. May did
not appear at the trial and is of no importance in any aspect
of the case, as no credit was given him as an individual. The
right of recovery against the defendant, if any, was based en-
tirely upon the identification of the signature of George W.
Eaton.

The action was for deceit, and the primary question was
whether the defendant had acted in bad faith in making the
statement which led to the payment of the check. He acted
in bad faith if he knew that the statement was untrue. If it
appeared that he knew nothing about the matter, and made
the statement without any belief as to its truth or untruth, he
was guilty of a moral wrong not less serious than deliberate
falsehood, and the jury might well have found that he acted in
bad faith and with a purpose to defraud. But he could not
be convicted of fraud because he entertained a belief which
was not well founded. Whether he had a belief and honestly
expressed it was in issue, but the reasonableness of his ground
for that belief could not be called into question. As was said
by SHARSWOOD, J., in Dilworth v. Bradner, 85 Pa. 238 : " It
would introduce a new and very dangerous element into the
case to say that the jury must decide whether the defendant
had reasonable grounds for his belief." That the scienter
must be proved, and that the only ground for recovery in an
action for false representations is the bad faith in making them,
is settled in a long line of cases including Boyd v. Browne, 6
Pa. 316 ; Huber v. Wilson, 23 Pa. 178 ; Bokee v. Walker, 14
Pa. 139 ; Duff v. Williams, 85 Pa. 490 ; Cox v. Highley, 100
Pa. 252 ; Iron Works v. Barber, 106 Pa. 125 ; Kern v. Simp-

son, 126 Pa. 42; Griswold v. Gebbie, 126 Pa. 353. The subject has been so fully considered in some of the later decisions that its further discussion is unnecessary.

The offer of letters containing the signature of George W. Eaton should have been admitted. The defendant testified that he had seen Mr. Eaton write, and was familiar with his signature, and that his statement to the cashier was based upon his belief founded upon this knowledge. The resemblance of the admittedly genuine writing to the forgery on the check went directly to the question of his good faith.

The first, third, fourth and fifth assignments of error are sustained and the judgment is reversed with a venire facias de novo.