## Anderson *v.* Snyder.

*Fraud—False witnesses to declaration of no set-off—Cause of action.*

An action will lie against a witness who as such attested a declaration of no set-off without having seen the maker thereof sign the same. Whether intended as a fraud or not such action is a fraud in law and makes the witness liable for the damages that the plaintiff may have sustained in consequence of it.

*Evidence—Depositions—Collateral proceedings.*

The issue being whether defendant falsely witnessed a declaration of no set-off to a judgment note, it was competent to admit in evidence that part of the deposition of the maker of the note taken on the rule to open judgment in which she denies that she ever signed the declaration of no set-off.

On the question of damages it was proper to show not only that the paper was a forgery but that the ostensible maker had taken that defense in the proceedings to open the judgment.

*Practice, C. P.—Evidence—Calculation of interest for jury.*

Whether a calculation of interest may be sent out with the jury is largely in the discretion of the court, and such discretion will not be reversed where the jury has been carefully instructed as to the proper measure of damages.

Submitted April 27, 1900.    Appeal, No. 37, April T., 1900, by defendant, in suit of William C. Anderson, against Henry L. K. Snyder, from judgment of C. P. No. 2, Allegheny Co., April T., 1898, No. 795, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.    Opinion by RICE, P. J.

Trespass.  Before WHITE, P. J.

It appears from the record that this was an action in trespass wherein the plaintiff, William C. Anderson, sought to recover from the defendant, Henry L. K. Snyder, the sum of $1,000 for an alleged fraud or deceit which the plaintiff alleges the defendant perpetrated upon him in witnessing a certain certificate of no defense to a certain judgment note for $500 by Catharine Frances Snyder, by means of which certificate the plaintiff was induced to purchase said judgment note.  The plaintiff claims that both the said judgment note and certificate of no defense were forged; that the defendant knew they

were forged when he witnessed said certificate of no defense, and that he sought thereby to defraud the plaintiff of the sum of $500.

[At the trial, the court, under offer of counsel for plaintiff, admitted the deposition of Catharine Frances Snyder, in the suit of Anderson v. Catharine F. Snyder, which offer counsel for defendant objected to as follows:

Objected to for the reason that the best evidence of the signature of this note would be the testimony of Mrs. Catharine Frances Snyder herself, and not her declarations, and it has not been proven that she is not a competent witness within the control of the plaintiff, and that the record which has been offered in evidence has not been properly proven.

The court: That part of the deposition, where she denies that she ever signed it and says that it was not her signature, I will admit in evidence, but nothing beyond that. Exception noted for defendant.] [5]

The court charged the jury in part as follows:

[It is a palpable fraud to witness a paper in that way. He may not have intended a fraud at the time, but it is a fraud in law and makes him liable for the damage that the plaintiff may have sustained in consequence of it.] [2] . . . .

[The defendant's counsel ask me to instruct you that under all the evidence, the verdict ought to be for the defendant. I refuse such instructions, and I say to you that if the plaintiff advanced the money on the faith of this certificate he is entitled to recover from the defendant all that he lost in consequence of it.] [3]

Verdict and judgment for plaintiff for $390. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant. (2, 3) To portions of the judge's charge, reciting same. (4) In permitting counsel for plaintiff to send out with the jury a statement or calculation of his damages. (5) To ruling on evidence, reciting same.

*Thos. M. Marshall* and *Rody P. Marshall*, for appellant.—It

was necessary for the plaintiff to show, before he could recover in this action, that Henry L. K. Snyder, the defendant, acted in bad faith and with intent to defraud the plaintiff. In support of this principle see Lamberton v. Dunham, 165 Pa. 129.

Where the plaintiff fails to produce affirmative evidence that the defendant acted in bad faith, with intent to defraud, and on the other hand the defendant shows reasonable grounds for belief in his representations, it is error for the court to hold that the jury must decide whether the defendant had reasonable grounds for his belief. See opinion of Justice SHARSWOOD in Dilworth v. Bradner, 85 Pa. 238.

In actions of trespass, the matter of damages is wholly with the jury, and they should determine the same from the evidence produced before them, without any assistance either by the counsel for the plaintiff or the defendant.

As to the fifth assignment of error, the deposition which the court below permitted to be admitted in evidence, was not the best evidence: Hexter v. Bost, 125 Pa. 52.

*J. Robert Wright* and *W. C. Anderson*, for appellee.—A review of the cases cited by appellant will sufficiently show that they are not either applicable to the facts of this case or are in support of the judgment of the court below.

OPINION BY RICE P. J., July 26, 1900:

One John D. Allan brought to the plaintiff a judgment note for $500 drawn in his favor and purporting to have been signed and sealed by Joseph Snyder and Catherine Frances Snyder and asked the plaintiff to buy it. The latter refused to do so unless Catherine, whom he knew to be responsible, would give a certificate of no defense. He thereupon made a copy of the note and attached thereto the following certificate:

"PITTSBURG, PA., June 21, 1893.

"I hereby certify that I have no drawback, claim, set-off or other defense of any kind, in law or equity, to the payment of the original judgment note of which the foregoing is a correct copy; further, that I am still, at present, the owner of house and lot 1521 Penn street, Pittsburg."

Allan took the papers away and about ten days later returned

with the certificate apparently signed and sealed by Catherine and witnessed by Henry L. K. Snyder, the present defendant. The plaintiff relying on the genuineness of her signatures took an assignment of the note and gave Allan the money. When the note became due the plaintiff issued an execution. Upon Mrs. Snyder's sworn allegation that her signature was a forgery, the court stayed the execution, opened the judgment and awarded an issue. Subsequently a compromise was effected between her and the plaintiff whereby he received $300 in satisfaction of his claim against her. Later the plaintiff brought this action against Henry L. K. Snyder to recover what he lost by reason of what he alleged to be the fraudulent act of the defendant in witnessing the certificate of no defense.

The defendant's explanation of his attestation of the paper, as given on the trial of this action, differs materially from the explanation given by him in his deposition taken on the rule to open the judgment. But in view of the manner in which the court submitted the case to the jury (see second assignment of error) we probably ought to take his present testimony as being the true account of the part taken by him in the transaction. A. He says: "I don't know what street I was on, but Joe came to me and says: 'Mother wants you to witness this, so I can get the money, Mr. Allan and I are in business together, and if I get this money everything will be all right and I will pay the money back.' Q. This Joe Snyder was your brother-in-law? A. Yes, sir; and so the signature looked just the same to me as when she signed that other and I readily witnessed it for him and thought she wanted me to do it." Another part of his testimony is as follows: "Q. And when you attested this certificate that it was her signature, you did not really know whether it was a paper she had signed or not? A. I thought it was. Q. Did you really know? A. No, I could not tell."

The general rule is, that in an action of deceit based on false representations, particularly if there be no contract between the parties and no consideration upon which a contract can be implied, the only ground for recovery is the defendant's bad faith in making them. Some of the cases go to the extent of holding that if the defendant had an honest belief that the representations were true it is not permissible for the jury to de-

cide against him because, in their opinion, he had not reasonable grounds for his belief: Lamberton v. Dunham, 165 Pa. 129, and cases there cited. Before the jury can properly find for the plaintiff they must be satisfied that the defendant made a statement knowing it to be false, or with such conscious ignorance of its truth as would in morals convict the defendant of falsehood: Griswold v. Gebbie, 126 Pa. 353; Dutton v. Pyle, 7 Pa. Superior Ct. 126. Counsel for defendant frankly admit in their printed brief, that in attesting the signature to the certificate their client did what was equivalent to making a false representation, but they ask, did his act constitute actionable fraud? They argue that it did not, if he had an honest belief that the signature of Mrs. Snyder was genuine. This might be true if that was the entire representation. But it was not the entire representation. " A subscribing witness is one who was present, when the instrument was executed, and who at that time, at the request or with the assent of the party, subscribed his name to it, as a witness of the execution. If his name is signed, not by himself, but by the party, it is no attestation. Neither is it such, if, though present at the execution, he did not subscribe the instrument at that time, but did it afterwards and without request, or by the fraudulent procurement of the other party. (See Huston v. Ticknor, 99 Pa. 231.) But it is not necessary that he should have actually seen the party sign, nor have been present at the very moment of signing; for, if he is called in immediately afterwards, and the party acknowledges his signature to the witness, and requests him to attest it, this will be deemed part of the transaction, and, therefore, a sufficient attestation;" 1 Greenleaf on Evidence, sec. 569. It is thus seen that the defendant represented by his attestation not merely that the signature of Mrs. Snyder was genuine, but that he saw her make it, or that she acknowledged to him that it was her signature and requested him to attest it. This was a false representation and the defendant knew it was false. He knew that the certificate was to be used to obtain money, and must be presumed to have known that the person loaning the money would rely on the truthfulness of the representation implied in his attestation. It is therefore no answer for him to say that he honestly believed the signature to be genuine. Nor is it a defense that he

had no intention to cheat or defraud the plaintiff.   His motives do not enter into the inquiry, as some of the cases say, or as others say, the law will infer a wrong motive if all the other essentials of the cause of action be shown.   The latter view was vigorously expressed by Chief Justice GIBSON: "No motive for a representation which is false and may be injurious, can be good; and a lie to help a friend, is not the less a lie because it is not designed to injure the person to whom it is told; it is enough to stamp it with the character of actual fraud, that it may lead him to a risk, which he would otherwise shun:" Bokee v. Walker, 14 Pa. 139; Boyd v. Browne, 6 Pa. 310; Huber v. Wilson, 23 Pa. 178; Duff v. Williams, 85 Pa. 490. Nor is there any merit in the contention that the plaintiff was negligent in not ascertaining from Mrs. Snyder personally whether or not her signature was genuine.   It does not lie in the defendant's mouth to say that the plaintiff ought not to have relied so implicitly on his representation that it was genuine.   The doctrine of contributory negligence cannot be invoked in such a case.   We think, therefore, that the learned trial judge was clearly right in saying to the jury; "It is a palpable fraud to witness a paper in that way.   He may not have intended a fraud at the time, but it is a fraud in law and makes him liable for the damage that the plaintiff may have sustained in consequence of it."   The first, second and third assignments of error are overruled.

It is complained in the fifth assignment that the court erred in admitting in evidence that part of Mrs. Snyders's deposition taken on the rule to open the judgment in which, to quote from the ruling of the court, "she denies that she ever signed it and says that it was not her signature."   Nothing beyond that was admitted.   It was certainly relevant, if not absolutely essential, for the plaintiff to show that Mrs. Snyder defended against the note on the ground that her signature was not genuine; for it seems that fraud without damage is not actionable; at least if there be no proof of actual damage having been sustained in consequence of the fraud, nominal damage only can be recovered.   See Messinger v. Hagenbuck, 2 Whar. 410, 416.   Upon the question of damages it would seem not out of place to show, not only that the note was a forgery but also that the ostensible maker had taken that defense in the proceedings to open the

judgment.   For the purpose, therefore, of showing the ground on which she based her application to open the judgment, not for the purpose of proving the fact testified to, we are of opinion that that part of the deposition was admissible.   See Haxter v. Bast, 125 Pa. 52.   If there had been formal pleadings showing the issue, like a bill and answer in equity, the case might be different.   The legitimate evidence that the signature was not the genuine signature of Mrs. Snyder was ample and was uncontradicted.   In addition to the opinion evidence upon that subject, the plaintiff swore that in the proceedings to open the judgment the present defendent testified that the signature was not hers.   The defendant did not deny that he had so testified. On the contrary when asked whether he did not state in his testimony on the rule to open the judgment that the signature to the note was not Mrs. Snyder's, he answered : " I can't remember that—whether I did or not.   I may have.   That's pretty near five years ago ;  I can't remember that."  If there was technical error in the ruling complained of in the fifth assignment it was harmless ;  but we are not convinced that there was error.

The matter of sending out with the jury a statement containing a calculation of interest is largely in the discretion of the court.   In view of the careful instructions given by the court upon the measure of damages and the verdict of the jury it is apparent that no harm was done in this case by permitting the plaintiff to send out a statement.

The judgment is affirmed.