# Clapp *v.* Hunt et al., Appellants.

*Appeals—Statement of questions involved.*

1. An assignment of error will be ignored if the question raised by it was neither expressly covered nor suggested by the statement of questions involved.

*Appeals — Question already answered — Evidence — Motion to strike out—Request for instruction to disregard.*

2. An appellate court will not reverse because of an objection to a question already answered. If the answer was improper the remedy is by motion to strike it out or to instruct the jury to disregard it.

*Appeals—Assignments of error—Form of charge—Exception.*

3. Assignments of error which recite the contentions of the parties, will not be sustained merely because the law relating to

them is not stated in immediate connection with them. If the law is not stated anywhere in the charge, or is incorrectly stated, this should be made the subject of a specific exception and assignment.

*Appeals—New trial—Abuse of discretion.*

4. An assignment alleging error in refusing a new trial will be dismissed unless an abuse of discretion is shown.

*Deceit—Evidence—False and fraudulent representations.*

5. To recover in an action of deceit it is necessary for plaintiff to prove that the representations made to him were false and fraudulent matters of fact, that they were intended to cause him to act upon them, that he did act on them, and that he suffered injury thereby.

Argued October 16, 1922. Appeal, No. 79, Oct. T., 1922, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 2657, on verdict for plaintiff, in case of George H. Clapp v. Robert W. Hunt et al., trading as Robert W. Hunt & Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for deceit. Before Swearingen, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,163.61. Defendants appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court.

*Wm. S. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellants.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* with him *George H. Calvert,* of *Calvert, Thompson & Wilson,* for appellee.

Opinion by Mr. Justice Simpson, January 3, 1923:

Defendants appeal from a judgment in an action awarding damages for a deceit, wherein plaintiff averred

and the jury found that, by false and fraudulent representations, known by them to be such, appellants had induced appellee to subscribe and pay for certain shares of stock and mortgage notes of a mining company in process of formation, the money paid being lost by reason of a sale of the property under judicial proceedings, begun at the instigation of appellants, and resulting in their acquiring an exclusive title to the property. In this court they "admit the evidence adduced at the trial raised questions of fact that had to be submitted to the jury, but contend that the evidence was not submitted under a proper and adequate charge."

The only assignment of error which relates to the production of the testimony,—and this might be ignored because "neither expressly covered nor suggested by the statement of questions involved" (Garvey v. Thompson, 268 Pa. 353),—avers the court below "erred in admitting certain evidence" in relation to the amount plaintiff had subscribed for the first mortgage notes of the defunct mining company. No objection was made until after the answer was given, and hence if, for any reason, it was improper, the remedy was by a motion to strike it out or to instruct the jury to disregard it: Pyle v. Finnessy, 275 Pa. 54. No such action was taken, however, and we cannot say there was error in overruling objections to a question already answered. Apparently defendants' claim now is that they were not liable in this action for the amount of the mortgage notes; but this contention cannot be considered by us, since the court below was not asked to so charge, and no exception or assignment of error, either general or special, covers the point.

There are eleven assignments of error to the charge, in each of which the court recites one of the contentions of the parties. There is no allegation that they were incorrectly narrated, but the complaint is that "it was incumbent upon [the court below], after stating them, to instruct the jury upon the law governing the situation so referred to." Assuming this was not done, it cannot

operate to make those recitals reversible error; exceptions should have been taken and errors should have been assigned to the failure of the court to instruct the jury "upon the law governing the situation," if appellants then believed it had thus failed in its duty. As this was not done, we can only dismiss these assignments also.

We have not overlooked the fact that in two of them, one stating a contention of plaintiff and the other a claim of defendants, appellants now aver that in each there was also error of law; not, however, in a misstatement thereof, so far as respected the particular facts set forth in those assignments, but in a failure to state all the law relevant to the case. Of course this was not error; to repeat the entire law of a case whenever a single contention of fact is being considered, would be needless reiteration, as well as confusing to the jury. Apparently all the applicable law had been satisfactorily set forth in an earlier part of the charge, where the jury were clearly and explicitly told that "Deceit is a fraudulent misrepresentation or contrivance whereby one person deceives another to his injury, who has no means of ascertaining or detecting the fraud that was committed upon him. ......The deception must be of matters of fact, and not matters of law. The false representations upon which the party plaintiff relies to recover from another must be with intent to defraud and deceive. Therefore, it is necessary for the plaintiff in a case of this character to prove that the representations made to him were false and fraudulent; that they were intended to cause the other party to act upon them, that he, the injured party, did act upon them, and that he suffered injury thereby. And in doing that he is obliged to show,—as in this case he must show—that Hunt & Company made these false and fraudulent representations to him; that they were false, and that Hunt & Company knew they were false when these representations were made." The jury were also told "that the burden of proof is on the plaintiff" to establish these facts. Evidently appellants were then

satisfied with these statements of the law, for they were not then and are not now alleged to be erroneous or insufficient; and nothing further was requested when the trial judge asked "Is there anything I have omitted?"

The only other assignment to be considered is to the refusal of the motion for a new trial, and this also must fail, no abuse of discretion being shown, (De Haas v. Penna. R. R. Co., 261 Pa. 499), particularly as the motion specified only the other alleged errors hereinbefore overruled.

The judgment of the court below is affirmed.