Kriner *v.* Dinger, Appellant.

Argued October 1, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Singleton Bell,* with him *Charles J. Margiotti, W. M. Gillespie, S. C. Pugliese, Edward Friedman* and *W. N. Conrad,* for appellant.—Great latitude in the measure of proof is allowed in questions of fraud: Smith, to use, v. Smith, 294 Pa. 347; Heath v. Slocum, 115 Pa. 549; Eby v. Eby, 69 Pa. Superior Ct. 323.

In actions of deceit, whether trespass or assumpsit, the scienter must be averred and proved: Fischer v. Taylor, 257 Pa. 132; McCandless v. Young, 96 Pa. 289; Erie City Iron Works v. Barber Co., 106 Pa. 125; Franklin Printing Co. v. Crum, 65 Pa. Superior Ct. 166; Humbert v. Meyers, 83 Pa. Superior Ct. 496; Warren Savings Bank v. Foley, 294 Pa. 176; Harrison v. Welsh, 295 Pa. 501; Dilworth v. Bradner, 85 Pa. 238; Lamberton v. Dunham, 165 Pa. 129.

If knowledge of the fact claimed to have been represented is equally obtainable by either party on inquiry and the buyer has been given full opportunity to determine the truth for himself, he cannot subsequently complain: Mahaffey v. Ferguson, 156 Pa. 156; Fulton v. Hood, 34 Pa. 365; Thomas v. Cohen, 275 Pa. 576; Sebring v. Fire Brick Co., 292 Pa. 412; Grauel v. Wolfe, 185 Pa. 83.

*W. C. Pentz,* with him *John J. Pentz, Ross H. Pentz* and *Raymond E. Brown,* for appellee, cited: Humbert v. Meyers, 83 Pa. Superior Ct. 496, as ruling this case.

OPINION BY MR. JUSTICE SIMPSON, November 25, 1929:

Plaintiff and defendant entered into a written agreement by virtue of which the former sold to the latter a mill property, and received in payment $5,000 par value of the stock of a milling company, organized by defendant to take over the tract purchased from plaintiff, $5,000 par value of certain stock of a coal mining company, and the balance in cash. Subsequently, plaintiff brought the present action of deceit, alleging that he took the coal mining company stock as part of the purchase price

of his mill property, in reliance on certain false and fraudulent representations made by defendant regarding the quantity and quality of coal underlying the mining property, the company's freedom from all indebtedness, and the value of the stock; which, stock would have been worth par if the representations had been true, but in fact was valueless and had been tendered back to defendant. The jury rendered a verdict for plaintiff, from the judgment on which defendant now appeals.

At the trial the principal questions were (1) Had false and fraudulent representations been made, of the character and with the effect and result above stated?; and (2) If they had been, what was the measure of damages? There are twenty-seven assignments of error, some of which require no consideration, and all of them, so far as they need be referred to, are included within the five heads under which appellant's argument is presented, these being also the five statements of the questions involved, which ordinarily limit the scope of an appeal: Keck v. Vandyke, 292 Pa. 532; Whalen v. Smith Fireproof Construction Co., 296 Pa. 10; Adams v. Field, 297 Pa. 247.

It is asked whether the court below should not have "admitted offers by defendant to show that plaintiff examined the mine before dealing, and purchased on his own judgment." Had the trial judge not done so, it would have been error; but plaintiff and defendant, and all their witnesses who were alleged to know anything on the point, were examined at length regarding it, and no assignment shows anything to the contrary.

It is also asked whether "a hypothetical question as to the value of the coal stock [was] proper, stating that there were 5½ acres of coal when the lease showed 104 acres." The question related, however, to the fact at the time of the alleged representations, when plaintiff's evidence showed there were but 5½ acres of coal left in the mine, and not to the time of making the lease. More-

over, this objection to the question was not made at the trial, and if it had been, it would have been of no moment. Albert v. Phila. Rapid Transit Co., 252 Pa. 527, relied on by appellant to sustain his contention, rules directly against him. It is there decided (quoting from the syllabus) : "The general rule is that a hypothetical question should include a full statement of all material facts, if they are uncontradicted, or such facts as the interrogating party may reasonably deem established by the testimony of his witnesses, but should not assume facts not warranted by the evidence. If opposing counsel are of opinion that material facts are not included in a hypothetical question, they may incorporate those facts in questions asked on cross-examination, and may also frame questions involving a consideration of facts which they contend are established by the evidence. The exact form of the question and the extent of the examination are under the control of the trial judge." So, also, we said in Moseley v. Reading Co., 295 Pa. 342, 348.

Appellant further inquires whether he should not "have been permitted to show prior efforts of plaintiff to sell the mill, which brought him and defendant together, resulting in the transfer of the mining stock to plaintiff and the mill to defendant." Of course he should not. There is neither averment nor proof that anything was omitted from or added to the agreement by fraud, accident, mistake or otherwise, or that defendant was misled in any way. It follows that all prior negotiations were merged in the agreement, the parties were bound by its terms as written, and the only attack which defendant could properly have made as affecting it, would have been to show, on the question of the measure of damages, the actual value of the mill property at the date of the agreement; and this brings us to appellant's next and most interesting point, as follows:

"Was testimony of the value of the mill properly excluded, the measure of damages being the difference be-

tween the value of the thing parted with and the value of the thing received therefor?" This question suggests a subject which has resulted in a great difference of opinion. In many, probably most, jurisdictions, the measure of damages in this case would be the difference between the real value of the mining stock and the value it would have had if the representations had been true: 27 C. J. 92 et seq. In other jurisdictions, and the number is not small, the measure would be the difference between the actual value of the mill property, and the cash received plus the actual value of the stock of both the mill and mining properties (27 C. J. 96 et seq.) and with this our latest case agrees: Browning v. Rodman, 268 Pa. 575. Hence, the court below would have erred had it excluded proper offers to show the actual value of the mill property at the time of the agreement. There were no such offers, however. On this point but one witness was called. He was a milling engineer, and it was offered to prove by him that the mill needed extensive repairs, what it cost to make them, and what was "the value of the mill"? Assuming this last clause meant the value of the entire property, the land and the mill on it, the offer was nevertheless properly excluded. There is no presumption that a "milling engineer" is a competent witness as to the value of realty, with or without a mill on it, and when his right so to do was challenged, as it was, on the ground that there was no proof of his competency, appellant made no attempt to show that he was qualified to express an opinion on the point. Moreover, and this also is fatal, there was no exception taken to the exclusion of this proffered testimony.

There is still another reason why defendant cannot be heard to object in this court to the action of the court below on the point. At his request the court below charged the jury that the measure of damages, if they found in favor of plaintiff, was "the difference between the value of the stock as it was represented to be and the value as it really was." This limited the inquiry

to the stock of the mining company, and, if this was error, as appellant now contends, it was error of his own making and he cannot be heard to complain of it: Mitchell v. City of New Castle, 275 Pa. 426; Whitekettle v. New York Underwriters Ins. Co., 293 Pa. 385. Following this instruction, induced by defendant, the jury found that the stock had no value, because the value of the leasehold and of all the other assets of the company, were less than the outstanding debts of the company and the cost of obtaining the coal which was still unmined. This finding by the jury was not a subject of controversy, defendant contenting himself with denying that he made the representations alleged to be false, and contending, in addition, that he really believed the coal mining company stock was worth par.

The final question we are asked to decide is "Is not defendant's belief that the statements made by him were true, a question of fact to be determined by the jury upon evidence bearing on that question?" The court below so ruled. In its charge it said that "the question of good faith comes up in this [suit], and I will say to you that this whole case depends on it. The gist of any action for false representations is the deceit. An action for false and fraudulent representations requires for its foundation a false statement knowingly made, or a false statement made in ignorance of and in reckless disregard of its truth or falsity and what consequences such a statement may entail. The evil intent, the intent to deceive, is the basis of the action." This is a correct statement of the law (Griswold v. Gebbie, 126 Pa. 353, 363; Warren Savings Bank & Trust Co., v. Foley, 294 Pa. 176), and could hardly have been misunderstood by the jury; but if this was possible, defendant's counsel should have called attention to it, especially when asked at the end of the charge: "Is there anything you wish corrections or further instructions upon?": Harkin v. Toy and Phila. Rapid Transit Co., 278 Pa. 24. It is true there were points for charge on this question, which were re-

fused without reading, but this was not error since the matter was properly covered in the general charge: Warruna v. Dick, 261 Pa. 602; Pringle v. Smith, 289 Pa. 356; Moyer v. Blue Mountain Electric Co., 294 Pa. 265.

The judgment of the court below is affirmed.