## Jamestown Iron & Metal Co. *v.* Knofsky, Appellant.

484

Argued September 30, 1930.   Before MOSCHZISKER,
C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*C. E. Brockway,* of *Brockway & Whitla,* with him *F.
W. Stonecipher,* for appellant.—The general rule is that
to support an action of deceit, properly so called, it must
appear that the fraudulent representation complained
of was untrue; that defendant knew, or ought to have
known, at the time it was made, that it was untrue: Cox
v. Highley, 100 Pa. 249; Humbert v. Meyer, 83 Pa. Su-
perior Ct. 496; Hexter v. Bast, 125 Pa. 52.

Plaintiff must also show, if the statement of 1923 was
false, that defendant knew or ought to have known, at
the time it was made, that it was untrue: Huber v. Wil-
son, 23 Pa. 178; Lamberton v. Dunham, 165 Pa. 129;
Ming v. Woolfolk, 116 U. S. 599; Kriner v. Dinger, 297
Pa. 576; Manhattan Brass Co. v. Reger, 168 Pa. 644.

The scienter must be proved and the only ground for recovery in an action for false representations is the bad faith in making them: Lamberton v. Dunham, 165 Pa. 129, and cases there cited.

Plaintiff is bound to show that the representations were false and that defendant knew they were false when he made them: Scott v. Heisner, 33 Pa. Superior Ct. 286; Franklin Printing Co. v. Crum, 65 Pa. Superior Ct. 166.

*W. C. Pettit,* with him *L. R. Rickard,* for appellee, cited: Cook v. Donaldson, 296 Pa. 389; Com. v. Pava, 268 Pa. 520; Mastel v. Walker, 246 Pa. 65; Brown v. Montgomery, 21 Pa. Superior Ct. 262.

OPINION BY MR. JUSTICE KEPHART, November 24, 1930:

This was an action in trespass for deceit. The case was here before in 291 Pa. 60, and we will not state facts mentioned in that appeal. Plaintiff's statement averred that defendant had obtained credit by using false financial statements and appellant's main complaint is that the court below erred in admitting in evidence an indictment which charged him with the use of the mails to circulate a false financial statement made in May, 1924, to which he entered a plea of guilty. This evidence was introduced to show that another and different financial statement made on February 12, 1924, was false. There is no other evidence to show this falsity and plaintiff's case cannot stand unless the statement of February 12th was false.

Deceit lies where one makes a statement, misrepresenting material facts, known to be false or made in ignorance of and reckless disregard of its truth, with an intent to induce another to act in reliance thereon, and such other person, believing it to be true, does act thereon to his damage: Kriner v. Dinger, 297 Pa. 576; Bank v. Foley, 294 Pa. 176; Long v. McAllister, 275 Pa. 34;

Hexter v. Bast, 125 Pa. 52, 71, 72; Cox v. Highley, 100 Pa. 249.

It is imperative that all these essentials should appear in the evidence. If there is one element that can be called the gist of an action for deceit, it is that the representation must be false: Kriner v. Dinger, supra. The representation of February 12, 1924, relied on by defendant was oral and written. In it defendant represented that he was worth from seventy-five to one hundred thousand dollars, as of February 12, 1924, by a direct statement to that effect and by a reference to the 1923 issue of Bradstreet which contained such credit rating, and that the other items of Bradstreet's 1923 report, which was incorporated in his oral representation, were then true. It must appear that his financial condition at that time was not as represented.

The indictment contained neither such averment nor one that would include it. The indictment charged defendant with circulating a false statement made May, 1924, and set forth various items of falsity. This statement was made months after the one of February 12th. A comparison of the items mentioned in Bradstreet's report of 1923, which was incorporated in the representation of February 12th, with those of May, 1924, does not in any particular bear out appellee's suggestion that the earlier report of February 12th was untrue; the specific items as set forth in each are widely different. They were supposed to represent financial standings at different times; each required separate proof as to their untruth; the falsity of one cannot be proved by a comparison with the other nor could a presumption of falsity be thus raised. A distinct act or crime, alleged to have been committed by the accused at a given time, can not be proved by showing the performance by him of another similar act at a different time: Com. v. Luccitti, 295 Pa. 190, 196; Com. v. Winter, 289 Pa. 284, 290; Com. v. Morrison, 266 Pa. 223, 228; Com. v. Saulsburg, 152 Pa. 554; Shaffner v. Com., 72 Pa. 60, 65; Com. v.

Dumber, 69 Pa. Superior Ct. 196, 200; Wigmore on Evidence, volume 1, section 192. There are many reasons why such proofs are rejected by the courts, as will be noticed in the cases just cited, and it is not necessary to restate them.

But once the substantive fact of falsity is established, evidence of prior or subsequent acts of the same nature is admissible to show knowledge of falsity and intention that plaintiff should act in reliance on it. This may be done by producing an admission such as contained in the plea of guilty, where the indictment charged a similar false statement at another time, or it may be shown by any other false statements of the same general scope made at another time. Such evidence does not prove the substantive fact of falsity but does tend to prove elements of knowledge and intention. Former and subsequent acts are admissible in evidence to show knowledge and intent as to like or similar acts: Com. v. Bell, 288 Pa. 29, 34; White & Co. v. Rosenthal, 173 Pa. 175; Wigmore on Evidence, volume 1, section 321.

Evidence tending to show that defendant acted in good faith without knowledge or intention to deceive is permissible in this action. The offer for that purpose should have been received. The evidence may not avail defendant anything in view of the plea of guilty to the latter statement, but the question would be for the jury.

The one deceived must have relied on the representation.. Here credit had been extended before the February 12th statement was made, and as to these items the statement could not have been relied on. The mere fact that payments were later deferred for a time in reliance on the statement does not affect the initial transaction, wherein goods were sold without the representation. If the false statement had been used solely to obtain an extension of time for payment, it should have been so averred. The statement of claim averred that credit was obtained for goods sold defendant on the faith of a false representation. Evidence to show these facts

should have been received, but the court below should eliminate all the items not covered by the false statement.

The judgment of the court below is reversed and a venire facias de novo is awarded.